IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHEP USA,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:22-CV-1198-L** | |
| § | | |
| **ERECT-A-LINE, INC.,** § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION ORDER

Before the court is Plaintiff CHEP USA's ("Plaintiff" or "CHEP") Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) ("Application"), filed on June 2, 2022; and Motion for Writ of Sequestration (Doc. 6), filed on June 2, 2022. For the reasons herein explained, the court *sua sponte* **dismisses without prejudice** this case for lack of subject matter jurisdiction and **denies as moot** Plaintiff's Application (Doc. 5) and Motion for Writ of Sequestration (Doc. 6).

### I.  Background

CHEP brought this action on June 2, 2022, based on diversity jurisdiction, against Defendant Erect-A-Line, Inc. ("Defendant" or "Erect-A-Line"), asserting claims of conversion, violation of the Texas Theft Liability Act, and declaratory judgment. Doc. 1. For relief, Plaintiff filed its Application that seeks an issuance of a temporary restraining order to stop the alleged destruction of its wood pallets by Defendant. Plaintiff also filed a motion for writ of sequestration that seeks the seizure of its wood pallets until this action is resolved.

**Memorandum Opinion and Order – Page 1**

In support of subject matter jurisdiction, Plaintiff alleges the following regarding the citizenship of the parties:

> CHEP USA is a New York General Partnership with its principal office at 5897 Windward Parkway, Alpharetta, Georgia 30005. The partners of CHEP USA are Brambles North America Incorporated and Brambles Industries, LLC. Brambles North America Incorporated is a Delaware Corporation with its principal office at 5897 Windward Parkway, Alpharetta, Georgia 30005. Brambles Industries, LLC is a Delaware LLC with its principal office at 5897 Windward Parkway, Alpharetta, Georgia 30005. The sole member of Brambles Industries, LLC is Brambles North America Incorporated, a Delaware Corporation with its principal office at 5897 Windward Parkway, Alpharetta, Georgia 30005.
>
> Defendant is a Texas Corporation who may be served through its registered agent, Corporation Services Company d/b/a CSC – Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever else it may be found.

Doc. 1 ¶¶ 1-2.

## II.     Legal Standard – Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with

the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

**Memorandum Opinion and Order – Page 3**

A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In defining or explaining the meaning of the term "principal place of business," the Supreme Court stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

### III. Analysis

Plaintiff fails to adequately set forth the citizenship of Defendant. While Plaintiff sets forth the state in which Defendant is incorporated, it fails to allege where Defendant has its principal place of business. As Plaintiff has not set forth allegations regarding Defendant's principal place of business, it has not provided the court with sufficient information to determine whether complete diversity of citizenship exists between the parties.

### IV. Conclusion

For the reasons herein set forth, Plaintiff has not shown that complete diversity of citizenship exists between the parties. Accordingly, the court lacks subject matter jurisdiction to hear this action and **dismisses without prejudice** this action for lack of subject matter jurisdiction. Further, because the court lacks subject jurisdiction, the court **denies as moot** Plaintiff's Application (Doc. 5) and Motion for Writ of Sequestration (Doc. 6).

**It is so ordered** this 8th day of June, 2022.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**